GARY J. ZANGERLE, ESQUIRE
Attorney ID No. 031791985
Blason II, Suite 201
505 South Lenola Road
Moorestown, NJ 08057
856/234-1810
Attorney for Defendants, Whitebridge
Condominium Assoc., Inc. and KA Diehl &
Associates

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDSEY ALLEN, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 1:14-cv-03559-RBK-KMW |
| WHITEBRIDGE CONDOMINIUM ASSOC., INC., GLORIA DAMIANI, and KA DIEHL & ASSOCIATES, | **ANSWER TO COMPLAINT** |
| Defendants. | |

The Defendants, Whitebridge Condominium Assoc., Inc. ("Whitebridge" and/or "Association") and KA Diehl & Associates ("KA Diehl"), Inc., by way of Answer to the Complaint brought by the Plaintiff and through the undersigned counsel allege and aver as follows:

### Nature of the Action

1. It is admitted that Plaintiff has brought claims against the Defendant Association and the contracted management company under the Fair Housing Act, 42 U.S.C. 3601 and the New Jersey Law Against Discrimination. The Defendants deny the claims that they have harassed, intimidated and bullied the Plaintiff in any manner. The remaining allegations contained in

paragraph 1 are denied.

## Jurisdiction and Venue

2. It is admitted that the Complaint purports to assert jurisdiction pursuant to 28 U.S.C. §1331.

3. It is admitted that the Complaint purports that venue is in this Court is proper pursuant to 28 U.S.C. §1391.

4. It is admitted that the Complaint purports to assert that this Court has supplemental jurisdiction is proper pursuant to 28 U.S.C. §1367.

## Parties

5. The Defendants admit that the Plaintiff is the owner of 1207 Squirrel Road, Marlton, NJ. The remaining portions of the allegations are neither admitted nor denied and Plaintiff is left to her proofs.

6. The allegations are neither admitted nor denied and Plaintiff is left to her proofs.

7. The allegations are neither admitted nor denied and Plaintiff is left to her proofs.

8. It is admitted that Whitebridge Condominium Assoc., Inc. is a New Jersey not-for-profit corporation.

9. The allegations contained in paragraph 9 are admitted.

10. The allegations contained in paragraph 10 are admitted.

## Background

11. It is admitted that the Plaintiff purchased 1207 Squirrel Road, Marlton, NJ 08053 on

March 20, 2014.

12. The Defendants have no information on which to admit or deny the allegations contained in paragraph 12 and the Defendants leave the Plaintiff to her proofs.

13. It is admitted that the Defendant KA Diehl prepared a closing/resale report. It is also admitted that the copy of the report is attached as Exhibit A to the Plaintiff's Complaint and that nothing in the report disclosed anything about an obligation to pay for pool passes.

14. It is denied that the events described in paragraph 14 of Plaintiff's Complaint occurred on March 20, 2014. It is admitted that the Plaintiff was first asked and then told to remove the moving van off of the common ground grass as the Plaintiff had taken the truck out of the parking area and onto the grass, potentially damaging the underground irrigation system.

15. The allegations contained in paragraph 15 are denied and it is denied that the Defendants in any way discriminate against the Plaintiff. As such, the allegations directed to the Association and KA Diehl are denied.

16. It is denied that the Plaintiff resided in the condominium on March 21, 2014. It is further denied that Gloria Damiani approached the Plaintiff at any time and accused her of dropping cigarette butts.

17. The allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied. The Association enforces its rules and regulations without regard for the race of any of the residents.

21. The allegations contained in paragraph 21 are denied.

22. It is admitted that by notice dated May 5, 2014 the Plaintiff was advised of a violation

3

of the By-Laws, Master Deed and the Rules & Regulations of the Whitebridge Condominium Association. The document attached as Exhibit B was sent because a violation was reported to the Association. As such, a warning was sent to the Plaintiff. It is denied that there was any discriminatory intent behind the issuance of this violation.

23. The Defendants have no information on which to admit or deny the allegations contained in paragraph 23. As such, Plaintiff is left to her proofs.

24. The allegations contained in paragraph 24 regarding the Plaintiff's state of mind are neither admitted not denied and the Plaintiff is left to her proofs. The allegations regarding the Defendant Damiani appearing and castigating the Plaintiff are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. It is denied that the Defendant, Gloria Damiani, made any contact with NJDYFS.

28. The answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 28 and as such, leave Plaintiff to her proofs.

29. The answering Defendants deny that the Defendant Damiani contacted NJDYFS. Defendants leave Plaintiff to her proofs.

30. The answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 30.

31. The answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 31.

32. The allegations in paragraph 32 are denied.

33. The answering Defendants are without sufficient knowledge or information to admit or deny the knowledge of what the Plaintiff was aware.

4

34. The answering Defendants admit that the Plaintiff was asked to pay a $5.00 administrative fee for her pool pass. The Defendants deny that the Plaintiff moved in after the deadline to apply for the pool pass and further deny that there was any attempt to harass, intimidate, threaten or bully the Plaintiff.

35. Although there is no Exhibit D in the papers served upon the Defendants, it is admitted that the wording quoted in the Plaintiff's Complaint is part of correspondence attached as Exhibit 4.

36. The Defendants admit the factual allegations contained in paragraph 36 and deny the editorial comments of counsel.

37. Although there is no Exhibit C attached to the Complaint served on the Defendants, the Defendants admit that there is a copy of an email attached as part of Exhibit 5 of the Plaintiff's Complaint that purports to request a hearing.

38. Although there is no Exhibit E attached to the Complaint served on the Defendants, it is admitted that Exhibit 5 contains an email from Sharon McKeny. The remaining portions of paragraph 38 are denied.

39. Although there is no Exhibit F attached to the Complaint served upon the Defendants, the Defendants believe that Plaintiff is referring to Exhibit 6. As such, the Defendants admit that Exhibit 6 is an accurate copy of a notice sent to the Plaintiff in accordance with the Association's normal practice. The remaining portions of paragraph 39 are denied.

40. The allegations contained in paragraph 40 are denied.

41. The answering Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 41.

42. The allegations contained in paragraph 42 are denied.

5

43. The allegations contained in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are denied.

45. The answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 are denied.

## COUNT I
## Fair Housing Act

47. The answering Defendants repeat each and every response to paragraphs 1-46 as if set forth at length below.

48. The allegations contained in paragraph 48 are denied.

49. The allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

## COUNT II
## NJLAD

51. The answering Defendants repeat each and every response to paragraphs 1-50 as if set forth at length below.

52. The allegations contained in paragraph 52 are denied.

53. The allegations contained in paragraph 53 are denied.

54. The allegations contained in paragraph 54 are denied.

55. The allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 are denied.

**WHEREFORE**, the Defendants, Whitebridge and KA Diehl, demand judgment against the Plaintiff for the following:

    A.    Dismissal of the Complaint with prejudice;

    B.    Award the Defendants its cost of suit;

    C.    Award the Defendants such further relief as the Court deems just and equitable.

Dated: 7-1-2014

                                              Gary J. Zangerle, Esquire
                                              Attorney for Defendants, Whitebridge
                                              and KA Diehl

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, arbitration or administrative proceeding.

Dated: 7-1-2014

                                              Gary J. Zangerle, Esquire
                                              Attorney for Defendants, Whitebridge
                                              and KA Diehl